IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES A. RAWSON                                                    PLAINTIFF

V.                                                 CIVIL ACTION NO.: 3:14cv721CWR-LRA

RIVERWALK CASINO HOTEL, LLC                                    DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, James A Rawson, by and through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Employee Retirement Income Security Act of 1974, as amended, against the Defendant, Riverwalk Casino Hotel, LLC. In support of this cause, the Plaintiff will show unto the Court the following facts to-wit:

### PARTIES

1. Plaintiff, James A. Rawson, is an adult male resident of Warren County, Mississippi, residing at 4205 Lee Road, Vicksburg, Mississippi 39180.

2. Defendant, Riverwalk Casino Hotel, LLC, is a Delaware Corporation licensed to do business in the State of Mississippi. Defendant may be served through its registered agent: C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

### JURISDICTION AND VENUE

3. This Court has federal question, diversity, personal and subject matter jurisdiction over the Defendants and venue is proper in this Court in that the amount in controversy exceeds $75,000.00.

## STATEMENT OF THE FACTS

4.     Plaintiff was hired by the Defendant on August 1, 2008, as the Purchasing Manager and was in charge of overseeing all purchasing functions for the Defendant.

5.     In November of 2013, Plaintiff received a phone call from a salesman with one of the Defendant's food vendors. The salesman informed Plaintiff that the Defendant's Food and Beverage Director had called him often getting pricing on food items. The salesman told Plaintiff that he would only ask for pricing on items that he was awarded due to having the lowest price. The salesman explained to Plaintiff that he would give him this week's current bid price on items and that he would be under bid the following week and would not be awarded to business.

6.     Plaintiff, after discussing this matter with his assistant and finding out that in fact it was true, went to the Vice President of Finance to report this serious issue to her. The Vice President of Finance asked Plaintiff if he had spoken with the Food and Beverage Director. Plaintiff told the Vice President of Finance that he thought that she needed to talk to him and explain to him that the conduct he was engaging in was Price Fixing/Collusion which was illegal. She told Plaintiff that she would speak to the Food and Beverage Director about the matter. Several weeks later Plaintiff was notified that the Food and Beverage Director had continued to call the salesman and that the matter had not been taken care of.

7.     Plaintiff then reported this illegal conduct to the Vice President of Finance again and her reply this time was, "you have a dislike for this salesman and you are not telling the truth." Plaintiff explained to her that he had known the salesman for 20 years and did not dislike him.

8.     Several days later, Plaintiff's assistant received a phone call from the salesman who made threats towards Plaintiff. After the phone call, Plaintiff's assistant went to the General

Manager's office and asked to speak to her and the Vice President of Finance. She repeated the threats to them both and told them that she would not be able to work with that particular salesman again after what he said to her.

9. Three weeks later, Plaintiff learned of the incident. Plaintiff's assistant did not say anything to him hoping that the General Manager and the Vice President of Finance would do something about the illegal conduct. At that time, Plaintiff went to the Human Resource Department and met with the Human Resource Director and informed then of the illegal conduct Defendant had been engaging in. Plaintiff asked to be put on the record and to explain what had occurred. Plaintiff also requested that the Defendant ask for a different salesperson from the food vendor. The Director of Human Resources agreed that she would take care of it. The matter was not taken care of and was simply swept under the rug.

10. The Defendant is owned and operated by Church Hill Downs (CDI) which is a publicly held corporation which operates under all the regulations and rules of Wall Street. All employees of the Defendant that receive emails receive a reminder at least 2 or 3 times a week from the Defendant's legal department asking all employees to report any and all illegal activities to either to either the local Human Resource department or to corporate. Employees are instructed that if the matter being reported is confidential, use the Defendant's Hot Line. The email also dictates that "it is your responsibility and obligation to report as an CDI employee."

11. After receiving an inadequate response to his reporting of illegal activities, Plaintiff, several weeks later, called the Corporate office. The Legal Department conducted a phone interview with Plaintiff. Plaintiff was told by the Legal Department that there would be an investigation and that it would be kept strictly confidential and there would be no retaliation towards Plaintiff. Several

days after the phone interview with Plaintiff, the Corporate Legal Department came to the Defendant's location and had a face to face interview with the Human Resource Director. This took place after business hours.

12. At this point, everything went wrong. The investigation was compromised and now, Defendant has retaliated against Plaintiff for reporting illegal activity by terminating Plaintiff's employment in clear violation of Mississippi common law.

## CAUSES OF ACTION

### COUNT ONE: WRONGFUL TERMINATION/RETALIATION

13. Plaintiff incorporate the above paragraphs 1 through 12 as though specifically set forth herein and alleges as follows:

14. The Defendant retaliated against Plaintiff by terminating his employment after he reported the illegal activity by the Defendant's employee to Defendant.

15. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

16. The acts of the Defendant constitute a willful and intentional violation of Mississippi common law and constitute the tort of wrongful termination.

### COUNT TWO: TORT OF OUTRAGE

17. Plaintiff incorporate the above paragraphs 1 through 16 as though specifically set forth herein and alleges as follows:

18. The Defendant's actions constitute a tort of outrage in violation of the laws of the State of Mississippi

19. Plaintiff has suffered an adverse employment action as a result of the Defendant's extreme and outrageous conduct.

20. Plaintiff has been harmed as a result of the Defendant's actions and the Defendant is liable to Plaintiff for the same.

### COUNT THREE: TORTIOUS INTERFERENCE

21. Plaintiff incorporate the above paragraphs 1 through 20 as though specifically set forth herein and alleges as follows:

21. The Defendant's actions constitute tortious interference in violation of the laws of the State of Mississippi.

22. Plaintiff has suffered an adverse employment action as a result of the Defendant's interference.

23. Plaintiff has been harmed as a result of the Defendant's interference, and the Defendant is liable to Plaintiff for the same.

### COUNT FOUR: VIOLATION OF CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT OF 1985 ("COBRA"), 29 U.S.C. § 1161

24. Plaintiff incorporate the above paragraphs 1 through 23 as though specifically set forth herein and alleges as follows:

25. The Defendant failed to notify Plaintiff about the possibility of continuing his insurance coverage pursuant to 29 U.S.C. § 1166, known as COBRA. An employer is required to give an employee notice about the possibility of continuing insurance coverage under COBRA if an employee is terminated.

26. The Defendant's failure to notify Plaintiff of his right to extend coverage after Defendant's termination of Plaintiff violated 29 U.S.C. § 1161 and 1166.

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon hearing of this matter by a jury, the Plaintiffs be granted the following relief in an amount to be determined

by the jury:

1. Reinstatement or front pay in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. A set off;
6. Attorney's fees;
7. Costs and expenses; and
8. Any other relief to which he may be properly entitled.

THIS the 12th day of September, 2014.

Respectfully submitted,

JAMES A. RAWSON, PLAINTIFF

By: *[signature]*
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Telephone: (601) 968-0000
Facsimile:   (601) 968-0010
Email: louis@watsonnorris.com